**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

CURTIS L. METCALF,

        Plaintiff,

v.                                                     Case No:   6:22-cv-763-CEM-LHP

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant

_____

**ORDER**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**   SHEA A. FUGATE'S REQUEST FOR AUTHORIZATION TO CHARGE A REASONABLE FEE AND MEMORANDUM ON REASONABLE FEES PURSUANT TO 42 U.S.C. § 406(b) (Doc. No. 25)
>
> **FILED:**     October 17, 2024
>
> _____
>
> **THEREON** it is **ORDERED** that the motion is **DENIED without prejudice**.

In this social security case, Shea A. Fugate, Esq. petitions the Court for an award of attorney's fees pursuant to 42 U.S.C. § 406(b).  Doc. No. 25.  According

to the motion, Curtis L. Metcalf ("Claimant") was "ultimately awarded" past-due social security benefits after this case was remanded under sentence four of 42 U.S.C. § 405(g).  *Id.* at 2; *see also* Doc. Nos. 18–20.   Attorney Fugate does not submit any notice from the Social Security Administration ("SSA") awarding past-due benefits to Claimant, however, and she submits instead a letter sent by the SSA to Attorney Fugate on October 4, 2024, notifying her that the SSA had been attempting to contact her to resolve the issue of fees since July 2, 2024, and the SSA had withheld fees as follows:

> We have withheld $12,851.25, which represents 25 percent of the past-due benefits payable to CURTIS L. METCALF as required by sections 206(a) and (b) of  the Social Security Act.  We have withheld this amount since February 2024.  In April 2024, we paid you $7,200.00 (less the user assessment fee) of this amount under the approved fee agreement.  We are still withholding the balance of $5,651.25.

Doc. No. 25-2, at 1.

By the present motion, Attorney Fugate seeks authorization to collect the remaining $5,651.23, stating that "[t]he total amount of attorney fees obtained under the Equal Access to Justice Act in the amount of $5,943.28 has been subtracted from the total amount of twenty-five percent of the past-due benefits ($12,8513.25) amounting to $6,907.97," and that "[t]he attorney fee of $5,651.25 not in excess of 25 percent of the total past-due benefits received by" Claimant.   Doc. No. 25, at 3.

Upon review, Attorney Fugate has provided insufficient information for the Court to resolve her request.  First, Attorney Fugate does not attach a notice of award from the SSA setting forth the past-due benefits due to Claimant.  Without such information, the Court is ill-equipped to resolve the motion, and the Court declines to rely solely on a subsequent letter from the SSA to Attorney Fugate regarding attorney's fees.  *See* Local Rule 7.01(e)(1) (requiring counsel to attach to the fee motion "the agency letter specifying the withheld benefits").

Second, even if the Court could rely solely on the letter from the SSA to Attorney Fugate, that letter suggests that the present motion is untimely, given that the SSA has been withholding funds since February 2024 and therefore awarded past-due benefits prior to that date.  *See* Local Rule 7.01(e) (requiring a motion for attorney's fees in a social security action after remand to be filed "[n]o later than fourteen days after receipt of a 'close-out' letter").

Third, even if timely, the motion fails to adequately address the amount of fees sought by Attorney Fugate.  Specifically, accepting for purposes of this Order that $12,851.25 equals 25% of the past-due benefits awarded, Attorney Fugate would be entitled to, at most, $6,907.97 under § 406(b), calculated as $12,851.25 (25% of the past-due benefits) minus the $5,943.28 in fees previously awarded under the EAJA.  *See* Doc. No. 24; *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002); *Jackson v.*

*Comm'r of Soc. Sec.*, 601 F.3d 1268, 1274 (11th Cir. 2010).[1]  But the letter from the SSA to Attorney Fugate states that she has already been paid $7,200.00 of the past due benefits.  Doc. No. 25-2.  While it could be that the $7,200.00 was awarded under § 406(a), *see Culbertson v. Berryhill*, 139 S. Ct. 517 (2019), Attorney Fugate fails to explain as much in her motion.  Doc. No. 25.

Accordingly, the above-styled motion (Doc. No. 25) is **DENIED without prejudice**.  Attorney Fugate may file a renewed motion within **fourteen (14) days** of this Order.  A renewed motion must attach the notice of award issued to Claimant, establish the timeliness of the request, and otherwise address the issues outlined in this Order.

**DONE** and **ORDERED** in Orlando, Florida on October 21, 2024.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[1] Although it would be permissible for Attorney Fugate to refund the EAJA fees to Claimant, by the present motion, Attorney Fugate asks that the amount allowed under § 406(b) be reduced by the EAJA award.  Doc. No. 25, at 8.

- 4 -