# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

CURTIS L. METCALF,

        Plaintiff,

v.　　　　　　　　　　　　　　Case No:　6:22-cv-763-CEM-LHP

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

    This cause came on for consideration without oral argument on the following

motion filed herein:

| | |
|---|---|
| **MOTION:** | **SHEA A. FUGATE'S SECOND AMENDED REQUEST FOR AUTHORIZATION TO CHARGE A REASONABLE FEE AND MEMORANDUM ON REASONABLE FEES PURSUANT TO 42 U.S.C. § 406(b) (Doc. No. 28)** |
| **FILED:** | **November 6, 2024** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

## I.    PROCEDURAL HISTORY.

On April 8, 2022, prior to filing the above-styled case, Curtis L. Metcalf ("Claimant") entered into a contingency fee agreement with Shea A. Fugate Esq., for the purpose of appealing Defendant, the Commissioner of Social Security's ("Commissioner"), denial of his claim for benefits under the Social Security Act. Doc. No. 28-1.    In the event the Court remanded the case to the Commissioner for further proceedings and the Commissioner awarded Claimant past-due benefits, then, under the agreement, Claimant agreed to pay Attorney Fugate a fee of twenty-five percent of the total amount of the past-due benefits ultimately awarded.    *Id.*

On April 20, 2022, Claimant filed a complaint alleging that the Commissioner had improperly denied his claim for social security disability benefits.    Doc. No. 1. On October 19, 2022, on the Commissioner's unopposed motion, the Court reversed and remanded the Commissioner's final decision under sentence four of 42 U.S.C. § 405(g).    Doc. No. 19; *see also* Doc. Nos. 17–18.    Judgment was entered accordingly the following day.    Doc. No. 20.

Thereafter, Attorney Fugate filed a motion for an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.    Doc. No. 21.    In the motion, Attorney Fugate stated that she spent 25.5 hours on this case.    *Id.* at 2. The Court granted the motion in relevant part and awarded a total of $5,943.28 in attorney's fees under the EAJA.    Doc. No. 24.

On remand, the Commissioner determined that Claimant was entitled to disability benefits. Doc. No. 28-2. The Commissioner awarded Claimant past-due benefits in the total amount of $51,405.00 by a Notice of Award issued on February 12, 2024. *Id.* at 2. The Social Security Administration ("SSA") also sent a letter to Attorney Fugate on October 4, 2024, notifying her that the SSA had been attempting to resolve the issue of fees since July 2, 2024, the SSA had withheld $12,281.25, representing twenty-five percent (25%) of the past due benefits for payment of attorney's fees, and $5,651.25 of that amount remained after payment of fees under 28 U.S.C. § 406(a). Doc. No. 28-3; *see also* Doc. No. 28-2, at 2–3.

On October 17, 2024, and based on the October 4, 2024 letter from the SSA, Attorney Fugate filed a motion seeking authorization to collect attorney's fees pursuant to 42 U.S.C. § 406(b) in the amount of $5,651.25. Doc. No. 25. On referral, the undersigned denied that request without prejudice because, among other things, Attorney Fugate had not attached a Notice of Award to the motion, and the October 4, 2024 letter from the SSA suggested that Attorney Fugate's motion was untimely. Doc. No. 26. *See* Local Rule 7.01(e) (requiring a motion for attorney's fees in a social security action after remand to be filed "[n]o later than fourteen days after receipt of a 'close-out' letter").

On November 4, 2024 Attorney Fugate filed a renewed motion, Doc. No. 27, and on November 6, 2024, an amended version of same, which is now before the

Court and has been referred to the undersigned, Doc. No. 28.   In her amended renewed filing, Attorney Fugate asserts that she did not receive the February 12, 2024 Notice of Award until after the undersigned denied her first motion and she requested it from the SSA, and she asks that the Court treat her motion as timely based on the October 4, 2024 letter from the SSA and to consider the October 4, 2024 letter as the "close-out" letter required by Local Rule 7.01(e).   Doc. No. 28, at 2 n.1, 4–5.

Attorney Fugate conferred with the Commissioner prior to filing the motion, and "the Commissioner neither supports nor opposes counsel's request for attorney fees."   *Id.* at 9.   The Commissioner also has not responded to the motion, and the time for doing so has expired.   *See* Local Rule 3.01(c).   Accordingly, the undersigned considers the motion to be unopposed.   *See id.*

Upon consideration, given that "close-out" letter is not defined by Local Rule 7.01(e), and based on the limited circumstances of this case, including Attorney Fugate's representations that she did not receive the February 12, 2024 Notice of Award and that the issue did not come before her until the October 4, 2024 letter from the SSA, and absent any argument to the contrary from the Commissioner, the undersigned will recommend that the Court allow Attorney Fugate's motion to proceed as timely.   *Cf. Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273, 1277–78 (11th Cir. 2006) (although Fed. R. Civ. P. 54(d)(2) applies to § 406(b) fee motions, finding

§ 406(b) fee motion timely solely based on the Commissioner's lack of objection regarding timeliness); *see also Beman v. Comm'r of Soc. Sec.*, No. 6:17-cv-614-Orl-LRH, 2020 WL 13389833, at *1 (M.D. Fla. Nov. 10, 2020) (finding § 406(b) motion timely based on representations notice of award was not timely received and given lack of objection from the Commissioner); *Gray v. Saul*, No. CV 15-00522-B, 2019 WL 13218821, at *2 (S.D. Ala. July 10, 2019) (finding § 406(b) fee petition timely given history of case and lack of objection regarding timeliness by the Commissioner). However, the undersigned's recommendation is limited to the circumstances of this case.

## II.    APPLICABLE LAW.

Attorney Fugate seeks attorney's fees pursuant to § 406(b), which provides, in relevant part, as follows:

> Whenever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]

42 U.S.C. § 406(b)(1)(A).[1]    The statute further provides that it is unlawful for an attorney to charge, demand, receive or collect for services rendered in connection

---

[1]    In *Culbertson v. Berryhill*, 139 S. Ct. 517 (2019), the United States Supreme Court determined that the twenty-five percent limit on the amount of fees to be awarded from past-due benefits applies only to fees for court representation, rather than to the aggregate of fees awarded for work at the administrative level pursuant to 42 U.S.C. § 406(a) and fees awarded for work in a court pursuant to 42 U.S.C. § 406(b).    In this decision, the Supreme

with proceedings before a court any amount in excess of that allowed by the court. *Id*. § 406(b)(2).   Consequently, to receive a fee under this statute, an attorney must seek court approval of the proposed fee, even if there is a fee agreement between the attorney and the client.

In *Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273 (11th Cir. 2006), the Eleventh Circuit held that § 406(b) "authorizes an award of attorney's fees where the district court remands the case to the Commissioner of Social Security for further proceedings, and the Commissioner on remand awards the claimant past-due benefits." *Id*. at 1277.   Thus, if the court remands a case to the Commissioner, the claimant's attorney is entitled to recover attorney's fees for the work performed before the court under § 406(b) if, on remand, the Commissioner awards the claimant past-due benefits.   *Id*.

An attorney cannot recover a fee for the same work under both the EAJA and § 406(b)—both of which compensate the attorney for the attorney's efforts before the district court.   If the court awards an attorney fee pursuant to both provisions, then the attorney must refund to the claimant the amount of the smaller fee.   *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002).   The attorney may choose to

_____

Court reversed previous controlling law in this Circuit that required the court to consider § 406(a) fees and § 406(b) fees in the aggregate when calculating the twenty-five percent limit on the amount of fees that could be awarded from past-due benefits.   *See Dawson v. Finch*, 425 F.2d 1192 (5th Cir. 1970).   Accordingly, here, the Court need not consider any § 406(a) fees awarded to Claimant's attorney at the administrative level.

effectuate the refund by deducting the amount of an earlier EAJA award from the attorney's subsequent § 406(b) fee request. *See Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1274 (11th Cir. 2010).

The reasonableness of attorney's fees under § 406(b) depends upon whether the claimant agreed to pay the attorney an hourly rate or a contingency fee. In the case of a contingency fee, the best indicator of "reasonableness" is the percentage actually negotiated between the claimant and the attorney. *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990). However, a court cannot rely solely upon the existence of a contingency fee agreement. *See Gisbrecht*, 535 U.S. at 807–08. Rather, a court must review the contingency fee agreement as an independent check to assure that it yields a reasonable result in each particular case. *Id.*

In determining whether the amount sought is reasonable, the court may consider the following factors: (1) the character of the attorney's representation and the result achieved; (2) the number of hours spent representing the claimant and the attorney's normal billing rate; (3) the risk involved in taking claimant's case on a contingency basis; and (4) whether the attorney was responsible for delaying the proceedings. *See id.* at 808; *see also McGuire v. Sullivan*, 873 F.2d 974, 981 (7th Cir. 1989); *McKee v. Comm'r of Soc. Sec.*, No. 6:07-cv-1554-Orl-28KRS, 2008 WL 4456453, at *5 (M.D. Fla. Sept. 30, 2008); *Yarnevic v. Apfel*, 359 F. Supp. 2d 1363, 1365 (N.D. Ga. 2005). The attorney seeking fees under § 406(b) bears the burden of showing that

the fee sought is reasonable for the services rendered.  *Gisbrecht*, 535 U.S. at 807 n.17; *McKee*, 2008 WL 4456453, at *5.

### III.    ANALYSIS.

Attorney Fugate represented Claimant before this Court.   Doc. No. 1.   The case was remanded to the Commissioner, who found that Claimant was disabled and, as a result, awarded Claimant a total of $51,405.00 in past-due benefits.   Doc. No. 28-2.   Thus, Attorney Fugate is entitled to an award of attorney's fees under § 406(b).  *See Bergen*, 454 F.3d at 1271.

Attorney Fugate is entitled to recover up to twenty-five (25%) percent of the past-due benefits awarded to Claimant, *i.e.*, $12,851.25.   *See* 42 U.S.C. § 406(b)(1)(A); Doc. Nos. 28-2, at 2, 28-3.   Attorney Fugate has elected to effectuate the requisite refund of the EAJA award, *i.e.*, $5,943.28, by reducing the request for attorney's fees under § 406(b) by the amount awarded under the EAJA.   Doc. No. 28, at 3; *see Jackson*, 601 F.3d at 1271.   Attorney Fugate also seeks to recover only the amount currently being withheld by the SSA—$5,651.25.   Doc. No. 28, at 4; *see* Doc. No. 28-3, at 1.   Thus, the amount that Attorney Fugate seeks to recover does not exceed the 25% cap set by § 406(b), which would equate to $6,907.97 after the reduction of the EAJA award.

Upon consideration, the undersigned finds the amount Attorney Fugate requests in § 406(b) fees, $5,651.25, reasonable.   First, Claimant entered into a

contingency fee agreement, in which he agreed to pay Attorney Fugate a fee of twenty-five percent of the total amount of the past-due benefits ultimately awarded. Doc. No. 28-1.   The presence of the contingency-fee agreement favors a finding that the requested amount is reasonable.   *See Wells*, 907 F.2d at 371.

Second, in support of the motion, Attorney Fugate represents that she spent at least 25.5 hours representing Claimant in this Court.   Doc. No. 28, at 3; *see also* Doc. Nos. 21, 24.   As a result of the work of counsel, Claimant was successful on remand of his claim for further consideration.

Third, there is no evidence that Attorney Fugate caused any delays in this case.   And finally, Attorney Fugate undertook significant risk of non-payment by taking this case on a contingency basis after the Commissioner denied Claimant's request for disability benefits.

Under these circumstances, and absent any objections, the undersigned will recommend that the Court permit Attorney Fugate to collect a total of $5,651.25 in attorney's fees under § 406(b) in this case.

## IV.   RECOMMENDATION.

Based on the foregoing, the undersigned **RESPECTFULLY RECOMMENDS** that the Court **GRANT** Shea A. Fugate's Second Amended Request for Authorization to Charge a Reasonable Fee and Memorandum on Reasonable Fees

Pursuant to 42 U.S.C. § 406(b) (Doc. No. 28), and **ORDER** that Attorney Fugate is authorized to charge Claimant a fee under § 406(b) in the amount of $5,651.25.

## NOTICE TO PARTIES

A party has fourteen days from the date the Report and Recommendation is served to serve and file written objections to the Report and Recommendation's factual findings and legal conclusions. Failure to serve written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.

Recommended in Orlando, Florida on December 3, 2024.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy